IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 05-00125-01-CR-W-DW |
| JAN P. HELDER, JR., | ) ) ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on the Motion of the United States for Detention Pending Imposition of Sentence Pursuant to Title 18, United States Code, Section 3143(a)(2). For the reasons set forth below, it is recommended that this motion be granted.

On August 21, 2006, the undersigned conducted a hearing on the motion for detention. Defendant Helder was represented by retained counsel J.R. Hobbs. The Government was represented by Assistant United States Attorney Katharine Fincham.

I. FINDINGS OF FACT

On the basis of the evidence adduced at the evidentiary hearing, the undersigned submits the following proposed findings of fact:

1. Soon after Judge Whipple entered the acquittal in this case, Platte County authorities filed a parallel state case of enticement in Platte County Circuit Court. (Tr. at 3) There have been periodic appearances before various judges, most recently in front of Judge Hull, and defendant has been reporting as directed. (Tr. at 3)

2. Soon after the Eighth Circuit opinion was received, upon verbal request for Assistant Platte County Prosecuting Attorney Miles Perry, defendant surrendered his passport to the Platte County Prosecuting Attorney's office without the necessity of any formal bond hearing or action. (Tr. at 3)

3. Defendant has three sons, ages 10, 11 and 14. (Tr. at 3) Each of them are students at Pembroke Hill. (Tr. at 3)

4. Defendant has been married to his wife, Barb, for a number of years and has lived in the Kansas City area for approximately 17 years. (Tr. at 3-5)

5. Defendant has no prior misdemeanor or felony convictions. (Tr. at 4)

6. Defendant is no longer actively taking on new cases, but he is winding down certain current cases, including Lanard Toys Limited v. Family Dollar Stores, a case pending before Judge Gaitan.[1] (Tr. at 4) Defendant has attempted to find substitute counsel to represent his clients in that case, but has been unable to find substitute counsel given the current posture of the case, i.e. an active settlement is being sought. (Tr. at 4, 10) Inmates of CCA are not allowed to conduct business. (Tr. at 10)

7. The Government offered a print-out of The Helder Law Firm website which was pulled off the internet as of 9:00 a.m. on August 21, 2006, the morning of the hearing. (Government's Ex. 1) The defense responded that defendant has requested that the webmaster take down the website a couple of weeks ago, but that it has not happened yet. (Tr. at 6)

8. Soon after the adverse opinion, defendant initiated a self-report to both the Kansas and Missouri Bar disciplinary entities. (Tr. at 4)

9. Defendant has attended marital and personal counseling with Dr. Paul Anderson, a local psychologist, one time each week since the pendency of these proceedings, even after defendant was no longer on bond in this court. (Tr. at 4-5)

## II. DISCUSSION

Pursuant to 18 U.S.C. § 3143(a)(2), the Court <u>shall</u> order that a defendant who has been found guilty of a crime of violence[2] be detained unless:

(A)(I) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Defendant Helder has not argued that there is a substantial likelihood that a motion for acquittal or new trial will be granted in his case and Government counsel has advised that the Government will recommend a term of imprisonment.[3] Therefore, section 3143(a)(2) would appear to mandate that

---

[1] In defendant's briefing, it was stated that "[defendant] is no longer practicing law." (Defendant's Response in Opposition to the Government's Motion for Detention Pending Sentencing at 6)

[2] A crime of violence is defined in 18 U.S.C. § 3156 to include any felony under Chapter 117. The statute under which defendant has been convicted, 18 U.S.C. § 2422(b), is found within Chapter 117.

[3] (Government's Reply at 1)

defendant Helder be detained.

However, there is another provision, section 3145(c), by which a defendant can be released even though he cannot meet the provisions of section 3143(a)(2):

> [A] person subject to detention under § 3143(a)(2) may nevertheless be released if (1) he meets the conditions set forth in § 3143(a)(1), in other words, if he shows by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released; *and* (2) "it is clearly shown that there are exceptional reasons why such persons's detention would not be appropriate." 18 U.S.C. § 3145(c). Section 3145(c) was intended to provide "an avenue of relief from the mandatory detention provisions" of the Bail Reform Act. United States v. Herrera-Soto, 961 F.2d 645, 647 (7th Cir. 1992).

United States v. Mitchell, 358 F.Supp.2d 707, 708 (E.D. Wis. 2005). Accord United States v. Lea, 360 F.3d 401, 403 (2nd Cir. 2004).

The Court finds the facts before this Court, i.e. that defendant Helder has a wife and three children, that defendant has lived in the Kansas City area for the last 17 years, that defendant has no prior convictions, that defendant has been regularly attending counseling and the manner in which defendant has conducted himself during supervision in this case as well as the Platte County case, provide clear and convincing evidence that defendant is not likely to flee or pose a danger to the safety of any other person or the community if released. Thus, defendant meets the first criteria for release under section 3145(c).

The second criteria for release, the existence of "exceptional reasons why such person's detention would not be appropriate," is more difficult to meet. "Exceptional reasons" must include something that is "clearly out of the ordinary, uncommon, or rare." United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004). "[B]efore authorizing release, courts ordinarily find both extremely unique personal hardship and a potential for a reduced sentence or success on appeal." United States v. Green, 250 F.Supp.2d 1145, 1150 (E.D. Mo. 2003). In Brown, the Eighth Circuit Court of Appeals found the facts that a defendant had been on pretrial release for over a year without committing any violations and that the defendant had been participating in a treatment program for depression did not qualify as exceptional circumstances. 368 F.3d at 993. In another case, the Eighth Circuit found the facts that a defendant had been complying with pretrial supervision for over

two years with no problems and that the defendant was gainfully employed did not qualify as exceptional circumstances. United States v. Mostrom, 11 F.3d 93, 94 (8th Cir. 1993). See also United States v. Lea, 360 F.3d 401, 403-04 (2nd Cir. 2004)("There is nothing 'exceptional' about going to school, being employed, or being a first-time offender, either separately or in combination."); United States v. Green, 250 F.Supp.2d 1145, 1150 (E.D. Mo. 2003)(court found defendant's obligation to his nine children, his success in drug treatment and his attempt to negotiate with union for continued employment after incarceration did not constitute exceptional reasons).

The reasons provided by defendant Helder, i.e. that he has a wife and three children, that he has work obligations and that he has been attending counseling, do not constitute exceptional reasons warranting his release. The Court recognizes that defendant has clients that may have to find substitute counsel upon his incarceration, but the fact that an attorney has ongoing cases does not insulate the attorney from being taken into custody after he is convicted of a crime. The Court further recognizes that defendant and his family will suffer by defendant's incarceration, but these personal hardships are in no way unusual for a defendant facing incarceration. Rather, "the circumstances Defendant assigns at this time demonstrate nothing more than the all too common effects of criminal behavior." United States v. Green, 250 F.Supp.2d 1145, 1151 (E.D. Mo. 2003). Because defendant cannot meet the second criteria for release under section 3145(c), he must be detained.

### III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order granting the Motion of the United States for Detention Pending Imposition of Sentence Pursuant to Title 18, United States Code, Section 3143(a)(2) (doc #50).

Counsel are reminded they have ten days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and

Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                  */s/ Sarah W. Hays*  
                                                   SARAH W. HAYS  
                                         UNITED STATES MAGISTRATE JUDGE